IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02598-REB-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOES 1-22,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on November 14, 2012.**

    Defendant Doe 16's Motion for Protective Order [filed November 8, 2012; docket #22], Motion to Quash [filed November 8, 2012; docket #23] and Motion to Sever and Dismiss [filed November 8, 2012; docket #24] are **denied without prejudice** for failure to properly seek permission to proceed anonymously in this case. *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment").

    Moreover, the Court notes that Doe 16 purports to proceed in this case *pro se*, but the motions each contain a certificate required by D.C. Colo. LCivR 7.1A, which states in pertinent part, "... counsel for Defendant has attempted to confer with Plaintiff's counsel concerning the relief Defendant seeks herein." Further, it appears that the motions have been written by someone with formal legal training.

    To the extent that these motions have been prepared and filed by an attorney for a *pro se* litigant, the Tenth Circuit has concluded that such "ghost writing" is improper. *Patton v. West*, 276 F. App'x 756, 757 n. 1 (10th Cir. 2008) ("We note that an attorney who 'ghost writes' a brief for a pro se litigant may be subject to discipline both for a violation of the rules of professional conduct and for contempt of court.") (citing *Johnson v. Bd. of Cnty. Comm'rs*, 868 F. Supp. 1226, 1231-32 (D. Colo. 1994), *rev'd in part on other grounds*, 85 F.3d 489 (10th Cir. 1996) ("[ ]ghost-writing has been condemned as a deliberate evasion of the responsibilities imposed on counsel by Rule 11.").

    Here, it is unclear whether the motions were prepared and filed by an attorney; therefore, if Doe 16 wishes to re-file his motions in accordance with this order and all applicable local and federal court rules, he may do so **on or before November 26, 2012** as follows: Doe 16's attorney

may re-file the motions by properly signing the motions in his or her name as a representative of Doe 16. *See Barnett v. LeMaster*, 12 F. App'x 774, 778 (10th Cir. 2001) ("any ghostwriting of an otherwise *pro se* brief must be acknowledged by the signature of the attorney involved") (quoting *Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001). Or, to the extent that Doe 16 is truly proceeding *pro se* in this matter, Doe 16 may re-file the motions by properly signing them as a *pro se* litigant and by filing with such motions a written supplement explaining why his Rule 7.1A certifications refer to "counsel for Defendant."

Also with his re-filed motions, Doe 16 must first (or contemporaneously) file a motion to proceed anonymously in accordance with Rule 11(a). Further, if Doe 16 wishes to keep the document containing his identifying information (docket #25) confidential, he must file a motion to file the document under restriction pursuant to the procedure set forth in D.C. Colo. LCivR 7.2. The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

Additionally, the Court directs the Clerk of the Court to maintain under Restriction Level 2 the document located at docket #25 until further order of the Court.

Finally, the Court directs the Clerk of the Court to mail a copy of this order to the address provided by Doe 16 in the filing at docket #25, without publicly disclosing the information provided therein.