IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02598-REB-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOES 1-22,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on November 14, 2012.**

    Before the Court are Defendant Doe 13's unopposed Motion for Leave to Proceed Anonymously [filed November 9, 2012; docket #28], Motion for Protective Order [filed November 9, 2012; docket #29], Motion to Quash [filed November 9, 2012; docket #30] and Motion to Sever [filed November 9, 2012; docket #31].  The motions were filed contemporaneously and signed by "John Doe No. 13" purporting to proceed *pro se* in this matter.  However, the Motion for Leave to Proceed Anonymously contains a certificate required by D.C. Colo. LCivR 7.1A, which states in pertinent part, "... counsel for Defendant has attempted to confer with Plaintiff's counsel concerning the relief Defendant seeks herein."  Further, it appears that the motions have been written by someone with formal legal training.

    To the extent that these motions have been prepared by an attorney for a *pro se* litigant, the Tenth Circuit has concluded that such "ghost writing" is improper.  *Patton v. West*, 276 F. App'x 756, 757 n. 1 (10th Cir. 2008) ("We note that an attorney who 'ghost writes' a brief for a pro se litigant may be subject to discipline both for a violation of the rules of professional conduct and for contempt of court.") (citing *Johnson v. Bd. of Cnty. Comm'rs*, 868 F. Supp. 1226, 1231-32 (D. Colo. 1994), *rev'd in part on other grounds*, 85 F.3d 489 (10th Cir. 1996) ("[ ]ghost-writing has been condemned as a deliberate evasion of the responsibilities imposed on counsel by Rule 11." ).

    Here, it is unclear whether the motions were prepared by an attorney; therefore, the Court will **deny** the motions **without prejudice**, and allow Doe 13 to re-file the motions **on or before November 26, 2012**, as follows: Doe 13's attorney may re-file the motions by properly signing the motions in his or her name as a representative of Doe 13.  *See Barnett v. LeMaster*, 12 F. App'x 774, 778 (10th Cir. 2001) ("any ghostwriting of an otherwise *pro se* brief must be acknowledged by the signature of the attorney involved") (quoting *Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001).  Or, to the extent that Doe 13 is truly proceeding *pro se* in this matter, Doe 13 may re-file the motions by properly signing them as a *pro se* litigant and by filing with such motions a written supplement explaining why his Rule 7.1A certification refers to "counsel for Defendant."

The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

The Court notes that, to preserve the confidentiality of a *pro se* John Doe litigant who has been granted leave to proceed anonymously in this case, the Court will not require compliance with D.C. Colo. LCivR 7.1A by such *pro se* litigant. However, to the extent a John Doe litigant is represented by counsel, such counsel must abide by Local Rule 7.1A and all other applicable rules.

Further, the Court directs the Clerk of the Court to maintain under Restriction Level 2 the document located at docket #32 until further order of the Court.

Finally, the Court directs the Clerk of the Court to mail a copy of this order to the address provided by Doe 13 in the filing at docket #32, without publicly disclosing the information provided therein.