IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02598-REB-MEH

MALIBU MEDIA, LLC,

      Plaintiff,

v.

JOHN DOES 1-22,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on November 29, 2012.**

      Before the Court are Defendant Doe 19's Motion for Protective Order [filed November 21, 2012; docket #77], Motion to Quash [filed November 21 2012; docket #78] and Motion to Sever and Dismiss [filed November 21, 2012; docket #79].

      Section IV.B.1 of Judge Blackburn's Practice Standards provides that "except for summary judgment motions, all other motions (including objections to the recommendations or orders of United States Magistrate Judges), responses, and concomitant briefs shall not exceed **fifteen (15) pages**." (emphasis in original). The aforementioned motions are each 18 pages or longer. *See* dockets ##77, 78, 79. Therefore, pursuant to Section IV.C.1 of Judge Blackburn's Practice Standards, the motions are **denied without prejudice** for failure to comply.

      Further, the Court once again warns Doe 19 that "ghost writing" and/or other assistance in court proceedings by an attorney for a *pro se* party are prohibited. The Court must construe a *pro se* party's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). For this and other reasons set forth in the Court's previous order, ghost writing is improper.

      Moreover, the Court notes that Doe 19 failed to file a copy of the challenged subpoena with his motion to quash for the Court's consideration. Should Doe 19 choose to re-file his motion to quash in accordance with this order and all applicable rules, the Court orders that Doe 19 attach a copy of the challenged subpoena to the motion.

      Doe 19 may re-file the motions in accordance with this order and all applicable rules **on or before December 10, 2012**. Again, the Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

      Finally, the Court directs the Clerk of the Court to mail a copy of this order to the address

provided by Doe 19 in the filing at docket #93, without publicly disclosing the information provided therein.