IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02598-REB-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOES 1-22,

    Defendants.

## ORDER ON MOTION TO QUASH

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant Doe #15's Motion to Quash the Subpoena [filed November 16, 2012; docket #61]. Plaintiff filed a response to the motion on December 7, 2012, but, although provided the opportunity to do so, Doe #15 filed no reply brief. For the reasons that follow, Doe #15's Motion to Quash the Subpoena is **denied**.

**I.    Background**

Plaintiff initiated this action on September 30, 2012, against twenty-two Doe Defendants. Plaintiff alleges that the Doe Defendants, identified only by their Internet Protocol ("IP") addresses, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected film. In an effort to identify the alleged infringers, Plaintiff requested permission from the Court to serve limited, immediate discovery on the Doe Defendants' Internet Service Providers ("ISPs") prior to the Rule 26(f) conference. (Docket #7.) The Court determined that Plaintiff had shown good cause for limited expedited discovery, and granted Plaintiff's motion in part. (Docket #9.) In particular, the Court

authorized Plaintiff to serve third party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs for the limited purpose of ascertaining the identities of the Doe Defendants as identified by the twenty-two (22) IP addresses listed in Docket #7-3. The Court directed that the subpoena be limited to providing Plaintiff with the name, address, telephone number, email address, and Media Access Control address of the Defendant to whom the ISP has assigned an IP address. With each subpoena, the Court directed Plaintiff also to serve a copy of its order. Finally, the Court emphasized that Plaintiff was only permitted to use the information disclosed in response to the subpoenas for the purpose of protecting and enforcing its rights as set forth in its Complaint. The Court cautioned Plaintiff that improper use of this information would result in sanctions.

In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on Doe #15's ISP, Comcast, on October 11, 2012 (hereinafter "the subpoena"). (Docket #61-2.) In turn, Comcast notified Doe #15 that it would release her identifying information to Plaintiff by November 16, 2012, unless Doe #15 filed an objection with the Court. (Motion, ¶ 4, docket #61.) Consistent with these instructions, Doe #15, through counsel, filed the present motion to quash the subpoena on November 16, 2012 together with a motion to proceed anonymously.[1] (Dockets ##60, 61.)

Doe #15 argues the subpoena served on Comcast should be quashed because joinder is improper and the Plaintiff's litigation tactics are suspicious. Doe #15 also challenges the extent to which Plaintiff's identification of the infringing IP address can be used to show Doe #15 committed the alleged infringement. Given the risk of mistaken identification and the public embarrassment that may ensue from perceived unlawful downloading of Plaintiff's pornographic film, Doe #15 asks

---

[1] The Court granted Doe #15's motion to proceed anonymously for the sole purpose of adjudicating the motion to quash, and noted that further permission would be necessary if Doe #15 wished to continue proceeding anonymously. (Docket #75.)

2

the Court to prohibit Comcast from disclosing her identifying information.

Plaintiff responds that "misjoinder" is an improper basis upon which to quash a subpoena. Plaintiff also notes that Doe #15 bears no burden under the subpoena because it is Comcast who must comply with its terms. Furthermore, Plaintiff argues its request for preliminary discovery of the identities of the Doe Defendants is proper, since discovery of the IP subscriber may lead to discovery of admissible evidence concerning a wrongdoer. Finally, Plaintiff contends that its litigation tactics, including attempts to settle, are proper, and that its technology is reliable.

## II.     Discussion

Fed. R. Civ. P. 45(c)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. No other grounds are listed.

In this district, a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or upon a showing that a privacy issue is implicated. *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("[a]bsent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum"); *see also Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993). Other courts in the Tenth Circuit have held that a party only has standing to challenge a subpoena served on a third party on the basis of privilege, personal interest, or proprietary interest. *See, e.g., Howard v. Segway, Inc.*, No. 11-CV-688-GFK-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18 (D.D.C. 2005)). Objections unrelated to a claim of privilege or privacy interest are not proper bases upon which a party may quash a subpoena. *Windsor*, 175

F.R.D. at 668; *see also Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of New York*, 519 F. Supp. 668, 680 (D.C. Del. 1981) (movant lacks standing to raise objections unrelated to any right of privilege). Thus, even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden. *Howard*, 2012 WL 2923230, at *2 ; *see also Malibu Media, LLC v. John Does 1-15*, No. 12-2077, 2012 WL 3089383, at *8 (E.D. Pa. July 30, 2012) (noting that a defendant seeking to quash a subpoena on an internet service provider "is not faced with an undue burden because the subpoena is directed at the internet service provider and not the [d]efendant.").

Comcast, the recipient of the subpoena, has not objected to its terms. However, Doe #15 argues that she has standing to quash based on a personal and/or proprietary interest in her identifying information. Plaintiff does not appear to dispute this interest. Thus, the Court may consider Doe #15's motion to quash, but must limit its analysis to whether the subpoena served on Comcast requires disclosure of privileged or other protected matter, if no exception or waiver applies. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii).

Several courts have found that internet subscribers do not have an expectation of privacy in the identifying information they conveyed to their ISPs. *See AF Holdings, LLC v. Does 1–162*, No. 11-23036-Civ, 2012 WL 488217, at *4 (S.D. Fla. Feb.14, 2012); *First Time Videos, LLC v. Does 1–18*, No. 4:11-cv-69-SEB-WGH, 2011 WL 4079177, at *1 (S.D. Ind. Sept.13, 2011). In any event, the burden rests squarely on the moving party to demonstrate that privilege exists and that the subpoena would disclose such information. *Malibu Media, LLC*, 2012 WL 3089383 at *5.

In this case, Doe #15's motion does not address whether the information sought is privileged or otherwise protected. Instead, Doe #15 asks the Court to quash the subpoena based on alleged

misjoinder of defendants, Plaintiff's settlement practices, and the potential for embarrassment.

Courts have reached different conclusions regarding whether to address the issue of joinder prior to permitting discovery. Those addressing joinder as a threshold issue have noted that allowing a case to proceed against improperly joined defendants enables a plaintiff to obtain personal information and ultimately extract settlements with only a single filing fee. *See Patrick Collins, Inc. v. Does 1-10*, No. JFM 8:12-cv-00094, 2012 WL 1144980, at *3 (D. Md. April 4, 2012) (citations omitted). Underlying this approach is a belief that the plaintiff's business model could not support separate lawsuits against each individual defendant.[2] *See id.* Other courts have found that a subpoena should not be quashed on the grounds of misjoinder during the early stages of litigation. *See Malibu Media, LLC v. Does 1-25*, No.12-cv-0362-LAB (DHB), 2012 WL 2367555, at *3 (S.D. Cal. June 21, 2012); *see also Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 11 (D.D.C. 2008) ("While the Court notes that the remedy for improper joinder is severance and not dismissal, ... the Court also finds that this inquiry is premature without first knowing Defendants' identities and the actual facts and circumstances associated with Defendants' conduct.") Exercising its discretion, Court adopts the latter view for purposes of the pending motion to quash. *See Patrick Collins, Inc. v. John Does 1-15*, No. 11-cv-02164-CMA-MJW, 2012 WL 41536, at *1 (D. Colo. Feb. 8, 2012) (citations and quotations omitted) ("[T]he Court may exercise discretion in determining whether to sever defendants, and this determination includes a consideration of judicial economy and

---

[2] In this district, Plaintiff has repeatedly demonstrated its willingness to proceed against a single defendant. *See, e.g., Malibu Media, LLC v. Xu*, 12-cv-01866-MSK-MEH, *Malibu Media, LLC v. Allison*, 12-cv-01867-MSK-MEH, *Malibu Media, LLC v. Tipton*, 12-cv-01869-PAB-MEH. Because Plaintiff appears to sue individuals after it obtains their identities, the Court is not persuaded that severing defendants prior to discovery would deter Plaintiff from pursuing its claims.

efficiency.").

First (and most importantly), the plain language of Rule 45 does not authorize the Court to quash a subpoena based upon misjoinder. Rule 45 provides four circumstances under which the Court must quash a subpoena, and the Court will not create a fifth. Second, the Court observes that severing defendants would delay, but not eliminate, Plaintiff's efforts to obtain Doe #15's identifying information from Comcast. Simply put, severance affects the timing of disclosure but not the underlying right. In this context, such a delay may prove fatal to Plaintiff's claims insofar as Plaintiff alleges that the information it seeks is subject to destruction. (Docket #7 at 5.) Given the inevitable disclosure of the information at issue in this subpoena, it seems judicial efficiency is best promoted by declining to reach the question of joinder at this time.

Doe #15's remaining arguments are also insufficient under Rule 45. Though Doe #15 expresses a concern regarding the fairness of Plaintiff's settlement practices, Rule 45 does not contemplate quashing a subpoena on this basis. Equally outside its scope is a party's concern that being named as defendant in a federal lawsuit may injure his or her reputation. Indeed, "it is a rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove." *Malibu Media, LLC*, 2012 WL 3089383, at *9 (citations and quotations omitted) (declining to quash a subpoena on the basis of a defendant's embarrassment over the pornographic content of the work he allegedly infringed). While the Court acknowledges Doe #15's concerns, it is ultimately bound by Rule 45 and must only quash a subpoena on the bases cited therein.

### III.   Conclusion

For the reasons stated above, the Court finds that Doe #15 has not met her burden of showing that the subpoena served on Comcast must be quashed. Therefore, Defendant Doe #15's Motion to

Quash the Subpoena [filed November 16, 2012; docket #61] is **denied**.

Entered and dated at Denver, Colorado, this 2nd day of January, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge